**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**Anderson Division**

--------------------------------------------------------------------------x

Charles Cardona III,

       Plaintiff,                                          **C.A. No.:**

      -against-                                  **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Pennymac Loan Services, LLC,

       Defendant(s).

--------------------------------------------------------------------------x

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Charles Cardona III ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian") (collectively "the Bureaus"), and Defendant Pennymac Loan Services, LLC ("Pennymac"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of South Carolina in the County of Anderson.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in the State of South Carolina.

7. Transunion is a is an Illinois corporation registered to do business in South Carolina.

8. Transunion may be served with process upon the The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 100 Coastal Drive, Suite 210, Charleston, South Carolina 29492.

9. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

10. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

11. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in South Carolina.

12. Equifax is a Georgia corporation registered to do business in the State of South Carolina.

13. Equifax may be served with process upon the The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 100 Coastal Drive, Suite 210, Charleston, South Carolina 29492.

14. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

15. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in South Carolina.

17. Experian is an Ohio corporation registered to do business in the State of South Carolina.

18. Experian may be served with process upon the C T Corporation System, its registered agent for service of process at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

19. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

20. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

21. Pennymac is a person who furnishes information to consumer reporting agencies under 15U.S.C. § 1681s-2, and may be served with process upon C T Corporation System, its

3

registered agent for service of process located at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

## FACTUAL ALLEGATIONS

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

23. This Complaint pertains to a Pennymac mortgage account.

24. Plaintiff has always made timely payments on his Account.

25. Plaintiff encountered financial hardship due to a reduction in income and reached out to Defendant Pennymac for a solution to this hardship.

26. Beginning on January 1, 2026, Plaintiff's loan was placed on a forbearance plan in which Plaintiff made approved monthly payments of $1,200.

27. Plaintiff's forbearance plan was subsequently extended through March 2026, during which Plaintiff continued to make his required monthly payments.

28. On March 20, 2026, Plaintiff received a letter from Pennymac stating that the final installment on his forbearance had been successfully made.

29. Prior to April 2026, the first month after forbearance, Plaintiff contacted Pennymac to inquire about next steps.

30. Plaintiff was advised by a Pennymac representative that he needed to make new monthly payments of $2,043.23 and everything would be fine.

31. In good faith and full compliance, Plaintiff made payments of $2,043 on April 13, 2026, May 13, 2026, and June 18, 2026.

32. Despite Plaintiff complying with all procedures and making all required payments under forbearance and post-forbearance instructions, Transunion, Equifax, and Experian marked Plaintiff severely late for April 2026, reporting a 150-day late status on Experian and Equifax, and a 120-day late status on Transunion.

<u>Pennymac Dispute and Violation</u>

33. Upon information and belief, on a date better known to Transunion, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his Pennymac account.

34. The Account is reporting inaccurately because Plaintiff was not late in March 2026 through April 2026.

35. In fact, Plaintiff was never late and made all timely payments.

36. It is materially misleading to report Plaintiff as delinquent on his credit reports during a period of time when Plaintiff made timely payments for the exact amounts requested by Defendant Pennymac.

37. The inaccurate information furnished by Pennymac and published by the Bureaus is inaccurate since it contains late payment notations for a period covered by forbearance and subsequent payment deferral compliance.

38. In the alternative, even assuming arguendo that the Bureaus accurately reported the lates, the Bureaus still failed to notate that the Plaintiff's account was operating under a forbearance and payment deferral arrangement and that these payments had all been made timely pursuant to Plaintiff's agreement with Pennymac.

39. Plaintiff sent a dispute letter dated May 5, 2026, to the Bureaus disputing the accuracy of the information in his credit reports and attaching supporting documentation, including the lender letters confirming the forbearance plan and successful final installment.

40. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute it would have been revealed that he indeed complied with all the terms as stated by Defendant Pennymac and was never late.

41. Notwithstanding Plaintiff's disputes, the Bureaus failed to correct the negative marks, leaving them intact on subsequent credit reports.

42. The Bureaus' reporting of Plaintiff's Account has severely affected Plaintiff's creditworthiness.

43. Specifically, derogatory reporting on a primary mortgage account had a significant and devastating effect on Plaintiff's credit standing.

44. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that have been disseminated to various persons and credit grantors, including resulting credit denials from lenders such as Chase.

45. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

46. It is believed and therefore averred that the Bureaus notified Pennymac of the Plaintiff's disputes.

47. Upon receipt of the disputes of the Account from the Plaintiff by the Bureaus, Pennymac failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information with respect to the disputed Account.

48. Had Pennymac done a reasonable investigation of the Plaintiff's dispute, it would have revealed that the Account contained inaccurate information and that Plaintiff had made all his payments in a timely manner.

49. Despite Plaintiff's disputes, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence provided by the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

50. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files that the Bureaus maintained concerning the Plaintiff.

51. Further, the Bureaus violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed tradeline within 30 days of receiving Plaintiff's dispute letters.

52. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have revealed that the Account contained inaccurate or incomplete information.

53. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors, as evidenced by inquiries and credit denials on Plaintiff's credit report.

54. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, mental and emotional pain, and severe interference with major commercial and real estate transactions and multi-million dollar business opportunities.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to the Bureaus)

55. Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

57. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

58. Further, the Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

59. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

8

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

60. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

61. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Charles Cardona III, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**<u>SECOND CAUSE OF ACTION</u>**

**(Negligent Violation of the FCRA as to the Bureaus)**

9

63. Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

64. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

65. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

66. Further, the Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

67. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

68. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

69. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

70. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Charles Caronda III, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Pennymac)

71. Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

72. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

73. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

74. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

75. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

76. Pennymac violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

77. As a result of the conduct, action and inaction of Pennymac, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

78. The conduct, action and inaction of Pennymac was willful, rendering Pennymac liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Pennymac in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Charles Cardona III, an individual demands judgement in his favor against Pennymac for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Pennymac)

80. Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

82. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

83. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

84. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

85. Pennymac is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

86. After receiving the Dispute Notices from the Bureaus, Pennymac negligently failed to conduct its reinvestigation in good faith.

87. A reasonable investigation would require a furnisher such as Pennymac to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

88. The conduct, action and inaction of Pennymac was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

89. As a result of the conduct, action and inaction of Pennymac, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

90. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Pennymac in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Charles Cardona III, an individual, demands judgement in his favor against Pennymac for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## <u>DEMAND FOR TRIAL BY JURY</u>

91. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues

this Complaint to which Plaintiff is or may be entitled to a jury trial.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for
each violation as alleged herein;

b)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15
U.S.C. § 1681o(a)(2);

e)  For any such other and further relief, as well as further costs, expenses and
disbursements of this action as this Court may deem just and proper.

Dated: August 3, 2026                             Respectfully submitted,
                                                  */s/ Dawn McCraw*
                                                  Dawn M. McCraw (SC # 13710)
                                                  Consumer Justice Law Firm
                                                  8095 North 85th Way,
                                                  Scottsdale, AZ, 85258
                                                  dmccraw@consumerjustice.com
                                                  Phone: 602.807.1527
                                                  *Attorney for Plaintiff*

15